**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **NORMA ANN SUMMERVILLE,** | : | |
| | : | **Case No. 2:14-CV-984** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Deavers** |
| **COMMISSIONER OF** | : | |
| **SOCIAL SECURITY,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

### I.   INTRODUCTION

This matter is before the Court for consideration of Defendant's Objection to the

Magistrate Judge's August 17, 2015 **Report and Recommendation** (Doc. 16), recommending

that the Court sustain the Plaintiff's Third Statement of Error (Doc. 10) and remand this case to

the Commissioner for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four.  Upon

independent review by the Court, and for the reasons set forth below, the Commissioner's

Objection is hereby **OVERRULED**.  The Court **ACCEPTS** and **AFFIRMS** the Magistrate

Judge's **Report and Recommendation**.

### II.   BACKGROUND

Plaintiff Norma Ann Summerville applied for disability insurance benefits on November

10, 2011.  She initially alleged that she had been disabled since April 1, 2010, but because she

had previously been awarded benefits for the period between April 1, 2010 and July 6, 2011, she

subsequently amended her alleged onset date to July 7, 2011.  Plaintiff's application was denied

initially and upon reconsideration.  After a hearing on March 22, 2013, an Administrative Law

1

Judge ("ALJ") denied benefits on May 1, 2013, finding that the plaintiff was not disabled.  In her

opinion denying benefits, the ALJ conducted the required five-step sequential analysis for a

disability-benefits claim. *See* 20 C.F.R. § 404.1520.[1]  The ALJ determined at step one that

Plaintiff had not engaged in substantial gainful activity since her alleged onset date of July 7,

2011.  At step two, the ALJ found that Plaintiff had the severe impairments of back disorders,

including status-post surgeries of the cervical and lumbar spine, and asthma.  At step three, the

ALJ determined that the impairments did not meet or equal one of the listed impairments

---

[1] The five sequential steps are as follows:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled....

> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled....

> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled....

> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled....

> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled....

20 C.F.R. § 404.1520(a)(4).

described in 20 C.F.R. part 404, subpart P, appendix 1.  Prior to step four[2], the ALJ found that

Plaintiff has the following residual functional capacity ("RFC"):

> [T]he claimant has the residual functional capacity to lift/carry and push/pull up to twenty
> pounds occasionally and up to ten pounds frequently, stand/walk six hours in an eight-
> hour workday, and sit six hours in an eight-hour workday.  She can occasionally climb
> ramps and stairs, but never ladders, ropes, or scaffolds.  She can occasionally balance,
> stoop, kneel, crouch, and crawl.  She can occasionally reach in front and overhead with
> both upper extremities.  She must avoid temperature extremes, dust, fumes, gases, odors,
> and poor ventilation.

(Record, Doc. 9 at 27.)  Accordingly, at step four, the ALJ found that Plaintiff was capable of

performing past relevant work as a data entry operator or general clerk.  The ALJ also made

alternative findings at step five, determining that Plaintiff was capable of performing other jobs,

specifically appointment clerk and credit card clerk.

The Appeals Council denied Plaintiff's request for review on June 24, 2014 and adopted

the ALJ's decision as the Commissioner's final decision.  Plaintiff filed this action in the United

States District Court for the Southern District of Ohio, alleging in her Statement of Errors that

the ALJ erred by: (1) failing to give a specific rationale for rejecting Plaintiff's testimony; (2)

failing to re-contact the consulting physician for more information after he failed to provide a

durational measurement of Plaintiff's physical limitations; and (3) failing to give reasons for

according little weight to Plaintiff's treating physician.  (Doc. 10 at 4-9.)  On August 17, 2015,

the Magistrate Judge issued a Report and Recommendation, recommending that this Court

overrule Plaintiff's first two objections but reverse and remand the ALJ's decision because the

---

[2] "Before we go from step three to step four, we assess your residual functional capacity. . . .  We
use this residual functional capacity assessment at both step four and step five when we evaluate
your claim at these steps." 20 C.F.R. § 404.1520(a)(4); *McGrew v. Comm'r of Soc. Sec.*, 343 F.
App'x 26, 28, n. 3 (6th Cir. 2009).

ALJ failed to supply reasons, supported by substantial evidence, for giving little weight to the treating physician's opinion.  (Doc. 15.)

The Commissioner objected to the Magistrate Judge's Report and Recommendation.  The relevant facts concerning the Plaintiff's residual functional capacity are thoroughly set forth in the Magistrate Judge's Report and Recommendation; facts that are relevant to this Court's decision will be incorporated into the analysis below.

### III.    STANDARD OF REVIEW

Upon objection, this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  This Court's review "is limited to determining whether the Commissioner's decisions 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984).  In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole.  *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984).  The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  *Buxton v. Halter, Comm'r of Soc. Sec.*, 246 F.3d 762, 772 (6th Cir. 2001).

Additionally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives

4

the claimant of a substantial right.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.

2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).  The "ALJ's

failure to follow agency rules and regulations denotes a lack of substantial evidence, even where

the conclusion of the ALJ may be justified based upon the record."  *Cole v. Astrue*, 661 F.3d

931, 937 (6th Cir. 2011).

## IV.    ANALYSIS

In her third assignment of error, Plaintiff argued that the ALJ failed to provide good

reasons for assigning less than controlling weight to the opinion of her treating physician, Dr.

Shelly Dunmyer.  (Doc. 10 at 8-9.)  The Magistrate Judge sustained Plaintiff's contention,

finding that the ALJ did not provide a clear explanation for giving little weight to Dr. Dunmyer's

opinion and that the explanation she did give was unsupported by substantial evidence.  (Doc.

15.)  The Commissioner objects to the Magistrate Judge's conclusion, arguing that the ALJ had

already weighed other opinion evidence that was comparable to Dr. Dunmyer's opinion and

explained why those opinions were also entitled to little weight.  (Doc. 16 at 1-2.)  The

Commissioner further argues that the ALJ properly found that Dr. Dunmyer's assessment was

unsupported by objective evidence and was inconsistent with the medical evidence as a whole,

and, therefore, the ALJ was entitled to discount the opinion.  (*Id.* at 3-5.)

### A.  Standard for Weighing Treating Physicians' Opinions

Generally, an ALJ gives more weight to the opinions of a treating source "since these

sources are likely to be the medical professionals most able to provide a detailed, longitudinal

picture of [a patient's] medical impairment(s) and may bring a unique perspective to the medical

evidence that cannot be obtained from the objective medical findings alone or from reports of

individual examinations . . . ." 20 C.F.R. § 404.1527(c)(2).  An ALJ "must give the opinion of a treating source controlling weight if he finds the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in [the] case record.'" *Wilson v. Comm'r of Soc. Sec*., 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(c)(2)).  If the ALJ does not give controlling weight to the opinion of a treating source, she "must apply certain factors—namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source—in determining what weight to give the opinion." *Id.*

If the ALJ determines that the treating physician's opinion is not supported by medical evidence or is inconsistent with other substantial evidence, "the ALJ is entitled to discredit the opinion as long as he sets forth a reasoned basis for her [sic] rejection." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *see* 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion.").  Although there is no requirement that the ALJ expressly consider each of the *Wilson* factors in the written decision, *see Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010), the ALJ's reasoning "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Rogers,* 486 F.3d at 242.

Finally, *Wilson* instructs that a harmless-error analysis applies to the good-reasons requirement:

> [W]here the ALJ fails to give good reasons on the record for according less than controlling weight to treating sources, we reverse and remand unless the error is a harmless *de minimis* procedural violation. *See Wilson,* 378 F.3d at 547. Such harmless error may include the instance where "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it," or where the Commissioner "has met the goal of ... the procedural safeguard of reasons." *Wilson,* 378 F.3d at 547. However, the ALJ's failure to follow the Agency's procedural rule does not qualify as harmless error where we cannot engage in "meaningful review" of the ALJ's decision. *Id.* at 544.

*Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009).

### B. Weight of Dr. Dunmyer's Opinion

In a February 2013 physical capacity evaluation, Dr. Dunmyer concluded that Plaintiff could walk or stand less than one hour and sit only four hours per day, could lift or carry no more than ten pounds, could not reach above shoulder level, and could only occasionally bend, kneel, squat, crawl, or climb stairs. (R. 510-11.) In her opinion denying benefits, the ALJ offered the following explanation for her decision to accord little weight to Dr. Dunmyer's opinion:

> "Dr. Dunmyer, the claimant's treating physician, receives little weight for her opinion that the claimant can lift less than 10 pounds and cannot sit, stand, or walk for a combination of eight hours per workday. (Exhibit B12F). The opinion, provided in February 2013, appears to contradict evidence that the claimant's stenosis and pain improved following the surgery and the conclusion of her closed period."

(R. 30.)

The Magistrate Judge correctly concluded that this explanation does not satisfy the requirement to provide good reasons for the decision not to give controlling weight to the treating physician. (Doc. 15 at 28-29.) The only reason the ALJ offered for discrediting Dr. Dunmyer's opinion was that it contradicted evidence that her spinal stenosis and pain improved after surgery, but as the Magistrate Judge noted, the ALJ did not specify which findings in Dr.

Dunmyer's opinion were inconsistent with other substantial evidence in the record or state where such record evidence could be found. (*Id.*)  Even if there were evidence that Plaintiff's stenosis and pain improved between her September 16, 2010 surgery and Dr. Dunmyer's February 2013 evaluation, such evidence does not necessarily contradict Dr. Dunmyer's opinion, which focuses on Plaintiff's functional limitations.  The ALJ's statement that Dr. Dunmyer's opinion appears to contradict other evidence in the record does not comply with the mandate of *Wilson*, where the Sixth Circuit found that reversal was warranted because an ALJ "did not identify the evidence supporting [a finding of inconsistency or lack of objective medical evidence], and did not explain its application of the factors" used to determine what weight to give the treating source's opinion.  *Wilson*, 378 F.3d at 546.  Here, the ALJ failed to identify the contradictory evidence, and although she listed the *Wilson* factors, she provided no explanation of how she took them into account in determining the weight to give to Dr. Dunmyer's opinion.

In any event, a finding that Dr. Dunmyer's assessment of Plaintiff's functional limitations was inconsistent with evidence that her stenosis and pain had diminished after her 2010 surgery is not supported by substantial evidence.  The record contains only three directly comparable medical opinions, those of consulting physician Dr. Weaver, who examined Plaintiff, and state agency physicians Drs. Gerald Klyop and Michael Lehv, who reviewed the record.  (Doc. 15 at 28.)  But the ALJ does not adequately explain why she chose to give great weight to the opinions of Dr. Klyop and Dr. Lehv, only some weight to Dr. Weaver's opinion, and little weight to Dr. Dunmyer's.  (R. 29-30.)  Moreover, Dr. Weaver's opinion of Plaintiff's functional limitations does not appear inconsistent with Dr. Dunmyer's, as he states that Plaintiff would "probably be limited in the performance of physical activities involving sustained sitting, standing, walking, reaching, climbing, lifting and carrying . . . ." (R. 320.)  As the Magistrate Judge pointed out,

Dr. Weaver's use of the word "sustained" in this context suggests that the Plaintiff would be able to stand, walk, and sit for substantially less than six hours of an eight-hour workday, which contradicts the opinions of Drs. Klyop and Lehv, adopted in full by the ALJ, that Plaintiff could stand, walk, and sit for "[m]ore than 6 hours on a sustained basis in an 8-hour workday." (R. 87-88, 102-03.)

Additionally, there is ample evidence in the record that Plaintiff's pain levels and physical limitations had not improved and instead were consistently present but uneven in their severity. For instance, treatment notes from her treating surgeon, Dr. Michael B. Shannon, at regular intervals between her 2010 surgery and subsequent 2014 surgery revealed that during many evaluations Plaintiff reported greater pain and more range-of-motion limitations. (R. 267, 275, 277, 380, 541.) Many of these visits led to follow-up tests and increased treatment for her pain. (*Id.*) Given that the opinions of Drs. Weaver and Dunmyer were not inconsistent with each other and that both opinions were supported by treatment notes from Drs. Dunmyer and Shannon, the ALJ's finding that Dr. Dunmyer's opinion was inconsistent with other record evidence is not supported by substantial evidence.

The Commissioner also argues that Dr. Dunmyer's assessment was not supported by objective medical evidence because Dr. Dunmyer did not adequately explain her assessment of Plaintiff's functional limitations. This argument is unavailing for two reasons. First, the ALJ never made a finding that Dr. Dunmyer's opinion was not "well-supported by medically acceptable clinical and laboratory diagnostic techniques." *Wilson*, 378 F.3d at 544. Second, such a finding is not supported by substantial evidence. Dr. Dunmyer's opinion benefited from her extensive treatment history with Plaintiff including referrals to specialists and regular examinations of Plaintiff. (*See* R. 279, 285-302.) Her opinion was supported by her treatment

notes as well as the treatment notes of Dr. Shannon, Plaintiff's surgeon, who provided documentation of his observations of Plaintiff's pain levels and physical limitations.  (R. 267-70, 275-77.)  *See Helm v. Comm'r of Soc. Sec.*, 405 F. App'x 997, 1000-01 (6th Cir. 2011) (upholding ALJ's finding that a treating physician's opinion was unsupported by objective medical evidence because the physician had examined the patient only a few times, treated the patient conservatively with only pain medication, and offered treatment notes with no medical findings other than an observation of moderate range-of-motion limitation).  Because the ALJ did not give a reasoned explanation for her conclusion that Dr. Dunmyer's opinion was unsupported by objective medical evidence or inconsistent with the evidence as a whole, she was not "entitled to discredit the opinion." *Jones*, 336 F.3d at 477.

Finally, as the Magistrate Judge concluded, the deficiencies in the ALJ's opinion were not *de minimis* and thus remand is warranted.  (Doc. 15 at 29.)  There was "no evidence in the record" that Dr. Dunmyer's February 2013 opinion, based on several years of treating Plaintiff and consistent with her treatment notes that reflected Plaintiff's pain and discomfort, was "so patently deficient that the Commissioner could not possibly credit it." *Blakley*, 581 F.3d at 409 (internal quotation marks and citation omitted).  Moreover, the ALJ's two-sentence explanation did not meet the goal of the good-reasons requirement to provide a "procedural safeguard" because the supportability of Dr. Dunmyer's opinion was not "*indirectly* attacked via an ALJ's analysis of [Dr. Dunmyer's] other opinions or [her] analysis of the claimant's ailments." *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) (emphasis in original).  Therefore, the error was not harmless. *See Wilson*, 378 F.3d at 547.

## V.  CONCLUSION

Based on the foregoing, this Court **ACCEPTS** and **AFFIRMS** the Magistrate Judge's

Report and Recommendation and sustains Plaintiff's Third Statement of Error.  Thus, the

Commissioner's Objections are **OVERRULED**.  This action is hereby **REMANDED** to the

Commissioner for reconsideration in accordance with this Order, pursuant to 42 U.S.C. § 405(g),

sentence four.


      **IT IS SO ORDERED.**

                     **/s/ Algenon L. Marbley**
                   **ALGENON L. MARBLEY**
                   **UNITED STATES DISTRICT JUDGE**


**DATED:  September 24, 2015**